[Hillsborough, June, 1892.]

## FURNALD *v.* BURBANK.

| 67a 595 |
| 69 369 |
| 67 595 |
| Case 1 |
| 70 374 |

MOTION, to set aside a verdict for unwarranted remarks of the plaintiff's counsel in argument, to which the defendant seasonably objected. The remarks were retracted, and the jury were requested by counsel and instructed by the court not to consider them. The presiding judge found, as matter of fact, that the jury were not influenced by the remarks, and denied the motion. The defendant excepted.

*Henry E. Burnham* and *Alpheus C. Osgood*, for the defendant.

*Cyrus A. Sulloway* and *Edwin F. Jones*, for the plaintiff.

SMITH, J. The plaintiff having restored to the trial the fairness of which he had divested it, and having made it appear affirmatively that the jury were not influenced by his unwarranted statement (*Bullard* v. *Railroad*, 64 N. H. 27, 32), the order must be

*Exception overruled.*

CLARK, J., did not sit: the others concurred.

---

[Rockingham, December, 1892.]

## AMERICAN LEGION OF HONOR *v.* SIDES & *a.*

| 67 595 |
| Case 2 |
| d72 20 |

BILL OF INTERPLEADER. Facts agreed. The plaintiffs are a beneficiary association, chartered under the laws of Massachusetts. In January, 1880, a certificate in the association was issued to Asa Swett, upon his application, by which the association promised to pay out of its benefit fund, to the wife and children of Swett, upon his death, a sum not exceeding five thousand dollars, in accordance with the laws of the association. He, or the beneficiaries, paid the assessments upon this certificate until March 3, 1883, when without their knowledge he surrendered it to the association, and applied for a new one, to be made payable to the defendant Sides and others, who were not related to him or in any way dependent upon him; and March 19 such a certificate was issued. The by-laws required that a certificate should be payable to the family or dependents of the member. The beneficiaries named in the last certificate paid all the assessments made upon it, and made due proof of Swett's death, which occurred in January, 1892. His wife and children are also defendants.

*Per Curiam.** The decision in *Lanouette* v. *Laplante, ante, p.* 118, disposes of this case.

*Case discharged.*

CHASE, J., did not sit: the others concurred.

*Calvin Page*, for the plaintiffs.

*Frink & Batchelder*, for Swett and others.

*John Hatch* and *Samuel W. Emery*, for Sides and others.

---

[Grafton, December, 1892.]

ADAMS *v.* VARNEY & *Tr.*, BRISTOL W. POWER CO., *Claimants.*

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimants. The facts not being sufficiently found, the case was discharged.

*Fling & Chase*, for the plaintiff.

*Kenson E. Dearborn* and *Frank N. Parsons*, for the claimants.

---

[Merrimack, June, 1893.]

DOBSON. & *a. v.* MANUFACTURERS' MUTUAL INSURANCE COMPANY.

*Per Curiam.** Upon the authority of *Gaysville Manufacturing Co.* v. *Insurance Co., ante, p.* 457, the order for a nonsuit was error. According to the agreement, there must be

*Judgment for the plaintiffs.*

BLODGETT, J., did not sit: the others concurred.

*Streeter, Walker & Chase*, for the defendants.

*Bingham & Mitchell*, for the plaintiffs.

---

*See foot-note on page 80.